UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROBERT E. STEWART, II, <br><br> Plaintiff, <br><br> v. <br><br> DR. ELROD, *et al.*, <br><br> Defendants. | CAUSE NO. 4:21-CV-63-JTM-JEM |

**OPINION AND ORDER**

Robert E. Stewart, II, a prisoner without a lawyer, filed an amended complaint. (DE # 6.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stewart alleges that he suffers back pain from an old injury. When he was incarcerated at the Tippecanoe County Jail prior to January 2021, he was permitted a bottom bunk pass, an extra mat, an extra blanket, and a two-piece uniform due to his back pain. He was released, but he is again incarcerated at the Tippecanoe County Jail. Stewart requested the same accommodations for his back pain, but he was told that he would need to see a doctor for the accommodations to be reinstated. After several

requests, he was seen by Dr. Elrod. She asked Stewart to stand and sit. After watching him, Dr. Elrod said Stewart was okay and she would not grant the accommodations. Stewart explained that Dr. Elrod had previously provided the same accommodations. Dr. Elrod became upset, denied that she had provided the accommodations, and refused to look in Stewart's file to confirm his claim to the contrary. A couple weeks later, a nurse indicated she would look at Stewart's file and fix it if he was telling the truth. When Stewart did not hear back, he asked the director of nursing about the request. The nursing director denied Stewart's request because of a prior lawsuit Stewart had filed. Stewart believes that Dr. Elrod's refusal to grant him accommodations that she previously provided is also in retaliation for the filing of another lawsuit. *See Stewart v. Goldsmith*, No. 4:19-CV-108-TLS-APR (filed Nov. 14, 2019 and dismissed as moot following hernia surgery on Feb. 21, 2020) (suing Dr. Elrod regarding the need for surgical repair of his hernias). Stewart has sued Quality Correctional Care and Dr. Elrod.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference

2

means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, giving Stewart the benefit of the inferences to which he is entitled at this stage of the case, the court finds that he has stated a claim against Dr. Elrod in her individual capacity.

"To prevail on his First Amendment retaliation claim, [Stewart] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, giving Stewart the inferences to which he is entitled at this stage, the court finds that he has stated a claim for retaliation against Dr. Elrod.

Stewart has also sued Quality Correctional Care. The complaint, however, does not link Quality Correctional Care to any of the alleged wrongdoing, except as the employer of Dr. Elrod. Section 1983 does not permit respondeat superior liability, which

3

holds an employer liable for the actions of its employees without any wrongdoing on the part of the employer. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017). Therefore, Quality Correctional Care will be dismissed.

For these reasons, the court:

(1) GRANTS Robert Stewart leave to proceed against Dr. Elrod in her individual capacity for monetary damages for denying Stewart constitutionally adequate medical care for pain associated with his back injury, in violation of the Eighth Amendment;

(2) GRANTS Robert Stewart leave to proceed against Dr. Elrod in her individual capacity for monetary damages for retaliating against Stewart for initiating a prior lawsuit against her by refusing to grant him accommodations for back pain that he had been granted previously, in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Quality Correctional Care;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Elrod at Quality Correctional Care, LLC, with a copy of this order and the complaint (DE # 6), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Quality Correctional Care to provide the full name, date of birth, and last known home address of the defendant if she does not waive service, if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Elrod to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

4

the claims for which the plaintiff has been granted leave to proceed in this screening order.

                                            **SO ORDERED.**

Date: November 23, 2021

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT