UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROBERT E. STEWART, II,<br><br>Plaintiff,<br><br>v.<br><br>DR. ELROD,<br><br>Defendant. | CAUSE NO. 4:21-CV-63-JTM-JEM |

OPINION AND ORDER

Robert E. Stewart, II, a prisoner without a lawyer, is proceeding in this case on two claims against Dr. Diane Elrod. First, he is proceeding against Dr. Elrod for denying him "constitutionally adequate medical care for pain associated with his back injury, in violation of the Eighth Amendment[.]" (DE # 7 at 4.) Second, he is proceeding against Dr. Elrod for retaliating against him "for initiating a prior lawsuit against her by refusing to grant him accommodations for back pain that he had been granted previously, in violation of the First Amendment[.]" (*Id.*) Dr. Elrod filed a motion for summary judgment, arguing Stewart did not exhaust his administrative remedies before filing suit. (DE # 34.) Stewart filed a response, and Dr. Elrod filed a reply. (DE ## 39, 40.) Dr. Elrod's summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Dr. Elrod argues Stewart did not exhaust his administrative remedies prior to filing this lawsuit because he never submitted any grievance related to his back pain. (DE # 35 at 7-8.) Specifically, Dr. Elrod provides Stewart's grievance history and an affidavit from Captain Tom Lehman, the Jail Commander at Tippecanoe County Jail, which show the following: Stewart was an inmate at Tippecanoe during the timeframe of his complaint. (DE # 36-1 at 3.) As an inmate at Tippecanoe, Stewart had access to the inmate grievance process. (*Id.* at 1.) The grievance process requires offenders to complete three steps before filing a lawsuit: (1) an informal attempt at resolution; (2) a formal attempt at resolution; and (3) an appeal to the Jail Commander. (*Id.* at 2-3; DE # 36-2.)

Stewart's grievance history shows that he submitted four grievances at Tippecanoe, but that none of these grievances related to his claim that Dr. Elrod denied him treatment for back pain. (DE # 36-1 at 3; DE # 36-3.) Specifically, on March 29, 2020, Stewart submitted an informal grievance complaining that jail staff confiscated his property. (DE # 36-3 at 3.) On May 3, 2020, Stewart submitted an informal grievance complaining that jail staff broke his prescription glasses. (*Id.* at 4.) On November 3, 2020, Stewart submitted an informal medical grievance, stating "I was told I don't meet required something when have never even been seen talked to twice this is my informal on medical next will file in federal courts." (*Id.* at 1.) On November 4, 2020, jail staff closed this grievance because Stewart did not state what he was grieving. (*Id.*) On November 5, 2020, Stewart filed another informal medical grievance requesting an eye exam, which was responded to the next day. (*Id.* at 2.) Stewart's grievance history does

not contain any other informal or formal grievances. Thus, because Stewart's grievance history indicates he never submitted any grievance related to his claim that Dr. Elrod denied him treatment for back pain, Dr. Elrod has provided evidence that Stewart did not exhaust his administrative remedies prior to filing this lawsuit.

The burden therefore shifts to Stewart to provide facts and evidence showing a genuine dispute as to whether he exhausted his administrative remedies. In his response, Stewart does not directly dispute any of the facts provided by Dr. Elrod. (DE # 39.) Instead, he argues generally that he believes "parts of [his] records" are missing and members of the nursing staff have a "vendetta" against him. (*Id.*) But this is insufficient to create any genuine dispute as to whether he exhausted his administrative remedies prior to filing this lawsuit. Specifically, Stewart does not allege or provide any evidence he ever submitted any informal grievance, formal grievance, or grievance appeal related to his back pain. His vague allegation that he believes some of his records are missing does not raise a genuine dispute, as he does not allege that specific documents that would satisfy his obligation to exhaust his administrative remedies were missing from his grievance history. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted). Stewart does not provide any

explanation as to what steps he took to exhaust his claims in this lawsuit. Thus, because Dr. Elrod has provided evidence Stewart did not exhaust his administrative remedies prior to filing this lawsuit, and Stewart provides no evidence raising a genuine dispute as to this issue, summary judgment must be granted in favor of Dr. Elrod.

After the summary judgment motion was fully briefed, Stewart filed a document titled "Motion for Assisting in Locating Witnesses Who Have Precise Information on my Medical/Grievances." (DE # 41.) Despite the title, Stewart does not identify any person he needs assistance in identifying, and he does not indicate what information he believes they possess that would be relevant to the question of exhaustion. Stewart seems to want to identify these individuals to further develop his argument that the grievance history presented by the defendants is incomplete. But, as already explained, proving the grievance record produced by the defendant is incomplete would not alter the outcome of defendant's summary judgment motion. Therefore, this motion will be denied.

Stewart also filed what he titles as an "Answer to Capt. Lehman's Affidavit." (DE # 42.) In this document, Stewart speculates that Kimbra Nixon removed grievance documents from his medical file. This document amounts to an inappropriate supplement or sur-reply. The Local Rules provide for an opening brief by the moving party, a response brief by the opposing party, and a reply brief by the moving party. N.D. Ind. L.R. 56-1. "Additional briefs must not be filed without leave of court." N.D. Ind. L. R. 56-1(d). Even when considered, however, the information contained in the document would not alter the outcome of the summary judgment motion, because it is

also focused on whether the grievance history presented by the defendant is accurate rather than what Stewart did or did not do to exhaust his administrative remedies in this case.

Stewart also filed a document titled "Motion to Present Evidence Statement from Sgt. Hallas." (DE # 43.) In this document, Stewart is asking the court to consider a response to an informal grievance signed by Sgt. Hallas. This amounts to another inappropriate supplement or sur-reply. Further, the statement has nothing to do with the claim at issue in this case; it addresses an incident where he was provided with a dirty razor. Stewart believes that this response from Sgt. Hallas should have been included in his medical file, and that it supports his assertion that the documents presented by the defendant are incomplete. The statement from Sgt. Hallas, however, does not refute Dr. Elrod's evidence that Stewart did not exhaust the administrative remedies available to him in this claim. The motion will be denied because considering the statement would not alter the outcome of the summary judgment motion.

Finally, Stewart has filed a document titled "Motion Responding to Defendants Response to Plaintiffs Response to Defendants Motion for Summary Judgment." (DE # 50.) This motion is yet another inappropriate supplement or sur-reply. In this document Stewart again argues that the grievance records were tampered with and are incomplete. The motion will be denied because it was improper and the information contained in the motion would not alter the outcome of the summary judgment motion. Once again, evidence that the records produced by the defendants are incomplete

(whether through oversight or something more insidious) is not enough for Stewart to overcome summary judgment.

For these reasons, the court:

(1) **GRANTS** Dr. Elrod's summary judgment motion (DE # 34);

(2) **DENIES** Stewart's subsequent motions (DE ## 41, 43, 50); and

(2) **DIRECTS** the Clerk to enter judgment in favor of Dr. Elrod and against Robert E. Stewart, II, and to close this case.

**SO ORDERED.**

Date: November 16, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT